IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| H.C., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:22-CV-148-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, | : | |
| | : | |
| | : | |
| Respondent. | : | |

**ORDER AND RECOMMENDATION**

Pending before the Court is Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Also pending are Petitioner's motion for leave to amend (ECF No. 13), motion to hold in abeyance (ECF No. 18), motion for bond hearing (ECF No. 21), motion for temporary restraining order ("TRO") (ECF No. 22), motion for emergency stay of removal (ECF No. 24), motion to correct the record (ECF No. 26), and motion to expedite ruling (ECF No. 28). Plaintiff's motion to amend is granted, and his motions to hold in abeyance and to correct the record are denied as moot. For the reasons explained below, it is recommended that Petitioner's application for habeas relief, his motion for bond, motion for TRO, motion to stay, and motion to expedite ruling be denied.

**BACKGROUND**

Petitioner is a native and citizen of Jamaica. Aguilar Decl. ¶ 3, ECF No. 17-1;

Aguilar Ex. A, at 2, ECF No. 17-2.[1] He was admitted to the United States on October 1, 1982, as a lawful permanent resident. Aguilar Decl. ¶ 4; Aguilar Ex. B, at 2, ECF No. 17-3. In 1997, Petitioner applied for naturalization but his application was denied due to a failure to disclose prior arrests on his application forms. Aguilar Ex. A, at 4. On August 6, 2008, he was convicted in the United States District Court for the District of Maryland on one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 and two counts of structuring financial transactions; aiding and abetting in violation of 31 U.S.C. §§ 5324(a)(1), (a)(3), (d)(1), (d)(2) and 18 U.S.C. § 2. Aguilar Decl. ¶ 5; Aguilar Ex. C, at 2, ECF No. 17-4. He was originally sentenced to a total of one hundred and thirty months' imprisonment, though this was later reduced to one hundred and twenty months. Aguilar Ex. C, at 3, 8.

On June 10, 2016, Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear ("NTA"), charging him with being removable under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), due to his conviction for an aggravated felony. Pet. 12-13, ECF No. 1. On August 23, 2017, an immigration judge ("IJ") ordered Petitioner's removal to Jamaica. Aguilar Decl. ¶ 7; Aguilar Ex. D, at 2, ECF No. 17-5. Petitioner appealed to the Board of Immigration Appeals ("BIA"), but it affirmed the IJ and dismissed the appeal on January 26, 2018. Pet 14. Petitioner sought review by the Eleventh Circuit, and also filed a motion

---

[1] Because all documents have been electronically filed, this Order and Recommendation cites to the record by using the document number and electronic screen page number shown at the top of each page by the Court's CM/ECF software.

to stay his removal.  On March 14, 2018, the Eleventh Circuit denied his request for a stay of removal.  Order, *Campbell v. U.S. Att'y Gen.*, No. 18-10411-A (11th Cir. Mar. 14, 2018).  Petitioner was removed to Jamaica on June 28, 2018.  Aguilar Decl. ¶ 8; Aguilar Ex. E, at 3, ECF No. 17-6.  His petition for review with the Eleventh Circuit was dismissed for want of prosecution in August 2018.  Clerk's Entry of Dismissal, *Campbell*, No. 18-10411-A (11th Cir. Aug. 2, 2018).

On June 9, 2019, Petitioner was apprehended by the United States Coast Guard on a boat ten miles off the coast of Florida.  Aguilar Decl. ¶ 9; Aguilar Ex. A, at 4.  He was arrested for illegal re-entry in violation of 8 U.S.C. § 1326.  Aguilar Ex. A, at 3.  He was also processed for expedited removal, and on June 26, 2019, an IJ found he had no credible fear of persecution or torture if he was returned to Jamaica.  Aguilar Decl. ¶¶ 9-10; Aguilar Ex. F, at 2, ECF No. 17-7.  Instead of being immediately removed, however, Petitioner was turned over to federal authorities for prosecution on the illegal entry charge, and on May 27, 2020, he was convicted in the United States District Court for the Southern District of Florida and sentenced to forty-one months' imprisonment.  Aguilar Decl. ¶ 12; Aguilar Ex. A, at 4.

On April 21, 2022—while Petitioner was still in the custody of the Federal Bureau of Prisons ("BOP")—DHS served Petitioner with a Notice and Order of Expedited Removal pursuant to § 235(b)(1) of the INA, 8 U.S.C. § 1225 (b)(1), stating it had determined him to be inadmissible under § 212(a)(7)(B)(i)(II), 8 U.S.C. § 1182(a)(7)(B)(i)(II), as a non-immigrant not in possession of a valid non-immigrant visa or border crossing identification card.  Aguilar Decl. ¶ 13; Aguilar Ex. G, at 2, ECF No.

17-8.  On June 3, 2022, Petitioner was transferred from the custody of the BOP to United States Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE/ERO").  Aguilar Decl. ¶ 14; Aguilar Ex. H, at 3, ECF No. 17-9.  He was originally housed at Folkston Annex ICE Processing Center ("Folkston IPC") before being transferred to Stewart Detention Center ("SDC") in Lumpkin, Georgia on June 7, 2022.  Aguilar Ex. H, at 3.  After Petitioner expressed a fear of returning to Jamaica, an asylum officer conducted a credible fear interview and determined Petitioner had not established a credible fear of persecution or of torture.  Aguilar Decl. ¶¶ 17-18; Aguilar Ex. I, at 8, ECF No. 17-10.  The asylum officer's supervisor approved the decision on July 19, 2022.  Aguilar Ex. I, at 8.  Petitioner requested a review of the decision by an IJ, and on August 15, 2022, an IJ affirmed the negative credible fear determination and returned the case to DHS to facilitate Petitioner's removal.  Aguilar Decl. ¶¶ 19-20; Aguilar Ex. I, at 2; Aguilar Ex. J, at 2, ECF No. 17-11.

Petitioner filed his first petition for a writ of habeas corpus challenging his current detention in the United States District Court for the Southern District of Georgia.  *Campbell v. U.S. Att'y Gen.*, No. CV 322-042, 2022 WL 3367527, at *1 (S.D. Ga. July 18, 2022), *recommendation adopted by* 2022 WL 3367813 (S.D. Ga. Aug. 15, 2022).  In reviewing his petition, the magistrate judge noted the confusing nature of Petitioner's arguments but ultimately concluded, "In a nutshell, Petitioner appears to contend his original deportation was a mistake, his subsequent conviction for illegal reentry is therefore invalid, and the ICE/ERO should be ordered to halt his pending removal proceedings."  *Id.*, at 1.  The magistrate judge rejected these arguments, finding the Court did not have jurisdiction to

4

consider the challenge to the underlying criminal conviction and that his request to stay and/or or terminate the removal proceedings was barred by the REAL ID Act of 2005 ("Act"), Pub. L. No. 109-13, 119 Stat. 231, 8 U.S.C. § 1252. *Id.*, at 2-3. The magistrate judge recommended dismissal. *Id.* at 3. Petitioner objected to the magistrate judge's recommendation, arguing to the district judge that jurisdiction was not barred by the Act because he was not challenging a removal order but only sought "a hearing to 'validate his current documentation to visa, adjustment of status, and current legal resident status.'" *Campbell*, 2022 WL 3367813, at *1. The district judge rejected this new argument and dismissed the petition on August 15, 2022, stating "there is no question a removal order exists. Petitioner, by whatever label applied, seeks to challenge his pending removal under an existing removal order." *Id.*

A few weeks later Petitioner filed a document entitled "Petition for Bond or Parole Hearing in Violation of Due Process" (ECF No. 1) in the Southern District, which properly construed it as another petition for a writ of habeas corpus and transferred it to this Court because of Petitioner's detention at SDC. Order, Sept. 23, 2022, ECF No. 4. Petitioner subsequently filed the motions listed previously (ECF Nos. 13, 18, 21, 22, 24, 26, 28), and Respondent has filed a response (ECF No. 17) in opposition to Petitioner's application for habeas relief, contending, *inter alia*, the Court lacks jurisdiction to consider his claims. This case is ripe for review.

## DISCUSSION

### I.   Habeas Petition

A district court's habeas jurisdiction to review matters related to immigration

enforcement is limited by the Act. The Act provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).

8 U.S.C. § 1252(a)(5). Further, the Act contains a consolidation provision that states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Finally, the Act sets out:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252 (g). When it comes to aliens such as Petitioner, who is designated as an arriving alien under 8 U.S.C. § 1225(b)(1) and subject to an expedited removal order, judicial review is further limited. The Act provides that expedited removal orders are not subject to direct judicial review, even by a court of appeals. 8 U.S.C. § 1252(a)(2)(A); *see Javier Gonzalez v. U.S. Att'y Gen.*, 844 F. App'x 129, 131 (11th Cir. 2021) (per curiam) (noting the court lacked jurisdiction to review an expedited removal order). Moreover,

6

habeas review is limited to determinations of—

    (A) whether the petitioner is an alien,

    (B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and

    (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. § 1252(e)(2).

Because of the limited jurisdiction to consider immigration-related matters, the Court must first determine whether any of Petitioner's claims are cognizable in habeas.[2] Like the Southern District, the Court finds Petitioner's claims difficult to decipher. The Government interprets Petitioner's primary argument to be that he is a lawful permanent resident based on the approval of a relative's I-130 petition.[3] Resp'ts' Resp. 7, ECF No. 17. If such were the case, then the Court would have jurisdiction to at least consider this claim. 8 U.S.C. § 1252(e)(2)(C). However, Petitioner insists that is not his claim and admits that the granting of an I-130 petition does not confer lawful permanent resident status. Pet'r's Suppl. Resp. 1 n.1, ECF No. 20.

---

[2] Petitioner has filed a motion to amend his petition (ECF No. 13). This motion is granted, and the Court has considered all of the grounds raised in Petitioner's various filings to the extent they can be understood. Petitioner has also filed a motion to correct the record (ECF No. 26), which is incomprehensible except that he appears to ask the Court to consider the substance of various filings. As the Court will consider all grounds raised by Petitioner, this motion is denied as moot.

[3] Petitioner's lawful permanent resident status was revoked upon entry of the final removal order in 2018. 8 C.F.R. § 1.2; *see Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 700 (11th Cir. 2011) (per curiam).

7

It is possible Petitioner is arguing that if he had not been wrongfully removed in June 2018, he *would* have been granted lawful permanent residence following the grant of his relative's I-130 petition or provided a humanitarian waiver to assure family unity. *Id.* at 2-4. In such event, he would not be subject to expedited removal under § 1252(e)(2)(C). *See* 8 U.S.C. § 1157(c)(3) (allowing Attorney General to admit certain aliens on humanitarian grounds and to assure family unity). Even if this is Petitioner's argument, however, he has not shown that he has *actually* obtained lawful permanent residency status or been granted humanitarian relief such as to confer jurisdiction on the Court.

Petitioner further suggest the IJ's 2017 order of removal never became final because it was still on appeal to the Eleventh Circuit when he was removed and while his application for adjustment in status was pending. Pet'r's Mot. to Stay 6-7, ECF No. 24. Petitioner's removal order became administratively final, however, on January 26, 2018, when the BIA dismissed his appeal. 8 C.F.R. § 1241.1(a). It was not affected by his appeal to the Eleventh Circuit because that Court denied his stay of removal on March 14, 2018. 8 U.S.C. § 1231(a)(1)(B)(ii); 8 C.F.R. § 241.3(c) ("The filing of (or intention to file) a petition or action in a Federal court seeking review of the issuance or execution of an order of removal shall not delay execution of the Warrant of Removal except upon an affirmative order of the court."). Further, the Act bars this Court from hearing challenges to DHS's execution of the 2018 removal order. 8 U.S.C. § 1252 (g). Any complaints about his 2018 removal need to be directed to the immigration court and Eleventh Circuit.[4]

---

[4] The Court notes that an IJ denied Petitioner's motion to reopen immigration proceedings on July 7, 2022. Pet. 17. According to the Eleventh Circuit, Petitioner appealed that denial to the BIA.

8

Petitioner also argues at various points that his detention is governed by 8 U.S.C. § 1226(a), which provides a "default rule" allowing the Attorney General to issue arrest warrants and detain certain aliens already in the country. *Jennings v. Rodriguez*,--U.S.--, 138 S.Ct. 830, 837 (2018). Aliens detained under § 1226(a) are eligible for release on bond, unlike § 1225(b)(1) detainees without a credible fear who must be detained until removed. *Id.* at 837, 845; 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). Petitioner's basis for asserting he is detained under § 1226(a) is unclear, but it appears to hinge on agreement that his 2018 removal was illegal. Pet'r's Suppl. Resp. 6-7, ECF No. 19. In essence, this is an attack on his 2018 removal order and execution thereof, which again, the Court lacks jurisdiction to consider.

Petitioner also claims he is entitled to relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pet. 2. *Zadvydas*, however, only applies to aliens subject to a removal under 8 U.S.C. § 1231, not aliens detained under 8 U.S.C. § 1225(b)(1). *Jennings*, 138 S.Ct. at 844.[5]

Petitioner's remaining arguments for habeas relief primarily concern the conditions of his confinement, including the risk posed by Covid-19, lack of access to legal material, and failure to protect him from an assault by another immigration detainee. Am. Pet. 3-6,

---

*Campbell v. U.S. Att'y Gen.* 2, No. 22-12692-J (11th Cir. Dec. 8, 2022). The Eleventh Circuit has denied Petitioner a stay of removal. *Campbell v. U.S. Att'y Gen.*, No. 22-12761-J (11th Cir. Oct. 21, 2022). The BIA has also refused to grant a stay. Pet'r's Suppl. Resp. 2, ECF No. 27; Pet'r's Suppl. Resp. Attach. 1, at 13, ECF No. 27-1.

[5] For this reason, the Court recommends Petitioner's motion for bond (ECF No. 21) premised on the applicability of *Zadvydas* be denied.

ECF No. 13. Conditions of confinement claims, however, are not cognizable in a habeas action. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (per curiam) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement."); *see also A.S.M. v. Warden, Stewart Cnty. Det. Ctr.*, 467 F. Supp. 3d 1341, 1348 (M.D. Ga. 2020) (concluding that the Court does not have jurisdiction to consider habeas corpus claim based on presence of Covid-19 at SDC). Therefore, these grounds provide no basis for habeas relief.[6]

## II.  Motion for Temporary Restraining Order and Preliminary Injunction

Petitioner moves for a TRO and preliminary injunction, demanding that his removal be stayed and he be released from custody. Pet'r's Mot. for TRO 2, ECF No. 22. The ground for his argument is language in the Eleventh Circuit's dismissal of his petition for review noting there was no reinstated removal order in the administrative record. *Campbell*, No. 22-12761-J, at 2. Petitioner believes this renders his detention unlawful. Pet'r's Mot. to Stay Removal 6. The Eleventh Circuit's comment, however, was in reference to Petitioner's claim that a reinstated removal had been entered in 2019 and to illustrate there were no decisions in the BIA proceedings for it to review. *Campbell*, No. 22-12761-J, at 2-3. It was not a finding that there was no expedited removal order or that

---

[6] Petitioner has filed a motion to hold in abeyance (ECF No. 18). The purpose of this motion is not clear, though Petitioner appears to recognize that a conditions of confinement claim must be pursued separately from a habeas petition. In any event, the motion is denied as moot.

10

a reinstated removal order was a prerequisite to his removal.[7]

Further, in order to obtain a preliminary injunction, a movant "must establish four separate requirements—namely, that (1) [the movant] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Swain v. Junior*, 961 F.3d 1276, 1284-85 (11th Cir. 2020) (internal quotation marks omitted). Here, the Court recommends that Petitioner's petition be denied. Thus, he cannot establish a substantial likelihood of success on the merits. The Court, therefore, recommends that Petitioner's motion for a preliminary injunction be denied.

## III.   Motion to Stay Removal

Petitioner requests the Court issue an emergency stay of his removal (ECF No. 24). His grounds track those raised in his petition and subsequent filings. For that reason alone, the Court recommends his motion be denied. Further, the Act strips the Court of jurisdiction to stay Petitioner's removal. *C.B.M. v. Warden, Stewart Det. Ctr.*, No. 4:19-cv-44-CDL, 2019 WL 5243067, at *1 (M.D. Ga. Aug. 30, 2019) (finding that the Court lacks jurisdiction to stay removal under § 1252(a)(5)).

---

[7] Petitioner's removal order is an expedited removal order 8 U.S.C. § 1225(b)(1), not a reinstated removal order under 8 U.S.C. § 1231(a)(5), which is "another streamlined process through which certain non-citizens may be removed from the country." *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1190 (9th Cir. 2021).

IV.     **Motion to Expedite Ruling**

Petitioner has also filed a motion for the Court to expedite a ruling on his motion for TRO and to amend his previous motion (ECF No. 28). It is not clear exactly what he seeks to amend, but he appears to argue ICE has violated the Administrative Procedures Act by not staying his removal while he litigates his adjustment of status claims. Pet'r's Mot. to Expedite Ruling 2, ECF No. 28; Pet'r's Mot. to Expedite Ruling Attach. 1-2, ECF No. 28-1. Even assuming he has a pending application for adjustment of status in his immigration proceedings, however, the Court is still barred from granting an injunction or stay of his removal. *See Camarena v. Dir., Immigr. and Customs Enf't*, 988 F.3d 1268, at 1270 (11th Cir. 2021) (concluding that pending applications for unlawful presence waivers did not give the Court jurisdiction to interfere with execution of removal orders). Thus, the Court recommends his motion to expedite be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's application for habeas relief (ECF No. 1), his motion for bond (ECF No. 21), motion for TRO (ECF No. 22), motion to stay (ECF No. 24), and motion to expedite ruling (ECF No. 28) be **DENIED.** Petitioner's motion leave to amend (ECF No. 13) is **GRANTED**. His motions to hold in abeyance (ECF No. 18) and motion to correct the record (ECF No. 26) are **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than

TWENTY (20) PAGES in length.  *See* M.D. Ga. L.R. 7.4.  The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 31st day of March, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE